Wilde J.
drew up the opinion of the Court. We have not been able to see any just or legal ground on which the plaintiff can recover in this action, in respect to the principal sum in dispute. The parties were joint owners of the ship and cargo ; whether partners or not, in a strict sense, does not seem to us material. The funds placed in the hands of Baker & Hodges were raised on the joint crt Jit of the plaintiff and defendant, and were applied to a joint concern. The transaction was in the form of a bill of exchange drawn by the plaintiff and indorsed by the defendant. If there was any liability of one to the other on the bill, it was the plaintiff who was liable to the defendant, the bill not being accepted or paid by the drawer. But the nature of the transaction was such, that neither party could call upon the other on the bill. Between them it was a mere instrument to raise funds for the voyage in which they were jointly and equally interested. They stand therefore to each other as quasi partners, accountable for the excess which one should have advanced or paid beyond the other ; or like tenants in common of a chattel, entitled to a remedy for any money expended on the common property beyond the due proportion.
It does not appear, nor is it pretended, that the plamuff has actually paid or advanced more than his due proportion; but he is liable, as drawer of the bill, to the United States, and he claims, therefore, to recover one half of the funds raised by its discount, and by him remitted to Baker & Hodges, deducting a moiety of the net proceeds of the sales of the ship and cargo and the sum paid by Tappan on account of the defendant, it being admitted that the plaintiff is alone liable to the United States on the bill. This liability, however, gives no cause of *342 action, for non constat that the United States will ever be paid.[1] No money has been paid by the plaintiff to the use of the defendant, and there is no evidence to support the count for money had and received. Both parties are equally entitled to the funds raised by the discount of the bill, and the defendant’s interest therein remained unchanged, notwithstanding the on ission to notify him of the non-acceptance and non-payment of the bill. This discharged him only from his liability to the United States on the bill, but his liability to the plaintiff for a moiety still remains, and may be enforced whenever the plaintiff pays the money, but not before. If, on account of the plaintiff’s inability, or from any other cause, the claim of the United States should not be enforced against him, certainly he can have no right in law or equity to recover of the defendan;
As to the claim for services rendered and expenses 'ncurred in the adjustment and settlement of the accounts of the voyage, we think it well maintained by the evidence. In October 1824, the plaintiff was requested by the defendant to remain in New York for the purpose of attending to the common concern , and in January after, when the defendant was about to embark for Europe, he expressly appoints the plaintiff his agent for the purpose of “ making a final settlement of these accounts.” On this evidence it is clear that the plaintiff is entitled to a reasonable compensation for his services and expenses, and that he is not obliged to charge them to the ship and cargo. The only question seems to be, what is a reasonable compensation : as to which the evidence is not very satisfactory, but the question being referred to us to determine, we have made such an allowance as seems to us reasonable, according to the knowledge we have of the circumstances of the case. That allowance we have fixed at the sum of $ 50, and judgment will be entered for the plaintiff for that sum.

 See Hodges v. Armstrong, 3 Dev. 253; Morrison v. Berkes, 7 Serg. & Rawle,238 ; Miller v. Howry, 3 Pennsylv. R. 380.